NOTICE

Decision filed 12/16/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 210142-U

NO. 5-21-0142

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Madison County. |
| | ) | |
| v. | ) | No. 19-CF-57 |
| | ) | |
| BRIAN K. SMITH, | ) | Honorable |
| | ) | Neil T. Schroeder, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE BOIE delivered the judgment of the court.
Justices Welch and Moore concurred in the judgment.

**ORDER**

¶ 1    *Held:* The circuit court's summary dismissal of defendant's *pro se* postconviction petition is affirmed where the petition failed to state the gist of a constitutional claim and the dismissal complied with the procedures of the Post-Conviction Hearing Act. Appointed appellate counsel is granted leave to withdraw.

¶ 2    Defendant, Brian K. Smith, appeals from an order of the circuit court of Madison County summarily dismissing his *pro se* petition for relief filed under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)). His appointed attorney, the Office of the State Appellate Defender (OSAD), has filed a motion for leave to withdraw as appellate counsel arguing that the appeal lacks arguable merit. See *Pennsylvania v. Finley*, 481 U.S. 551 (1987). OSAD provided defendant with a copy of its *Finley* motion and supporting memorandum. This court gave defendant an opportunity to file a response to OSAD's motion explaining why his appeal has merit.

1

Defendant has not filed a response. Having thoroughly reviewed the record on appeal and OSAD's *Finley* motion and memorandum, we agree this appeal presents no meritorious issues of arguable merit. We therefore grant OSAD leave to withdraw and affirm the judgment of the circuit court.

¶ 3                                    BACKGROUND

¶ 4      On January 24, 2019, the State charged defendant with one count each of home invasion, armed robbery, unlawful possession of a controlled substance containing alprazolam with intent to deliver, and unlawful possession of a controlled substance containing cocaine. The home invasion and armed robbery charges alleged defendant committed those offenses while armed with a firearm. On the date of the offenses, January 6, 2019, defendant was 19 years old.

¶ 5      On June 18, 2019, defendant entered a fully negotiated guilty plea. Pursuant to the plea agreement, defendant pled guilty to an amended charge of home invasion while armed with a dangerous weapon, specifically, a bludgeon, striking the firearm language. In exchange, the State recommended defendant receive a sentence of 20 years' imprisonment to be served at 50%. The State also agreed to dismiss defendant's three remaining felony counts and a pending juvenile case involving possession of a stolen firearm.

¶ 6      The trial court admonished defendant in full compliance with Illinois Supreme Court Rule 402(a) (eff. July 1, 2012). Following each admonishment, defendant stated he understood.

¶ 7      The State presented a factual basis stating that the evidence at trial would show that on January 6, 2019, defendant and a codefendant broke into a specific residence in the 2800 block of East 25th Street in Granite City. The residence was occupied by a woman and her minor child. Defendant was armed with a bludgeon which he held to the child's head while demanding money. Defendant and his codefendant took money from the home and fled the area.

¶ 8       Defendant confirmed that no one had forced or threatened him to plead guilty, nor promised him anything other than the terms of the agreement. Defendant stated that he had discussed his plea with his attorney and was entering his plea freely and voluntarily.

¶ 9       The trial court accepted defendant's guilty plea and sentenced him to the agreed term of 20 years' imprisonment followed by a 3-year term of mandatory supervised release. The court dismissed defendant's remaining felony counts and juvenile case.

¶ 10      Defendant did not move to withdraw his guilty plea or otherwise attempt to perfect an appeal from the trial court's judgment.

¶ 11      On April 9, 2021, defendant filed the instant *pro se* petition for postconviction relief under the Act. Therein, defendant alleged his 20-year sentence was unconstitutional because it violated the proportionate penalties clause of the Illinois Constitution as applied to him. Defendant pointed out that he was 19 years old at the time of the offense. He argued that when imposing his sentence, the trial court failed to consider "his youth and its attendant characteristics," including that he was an "emerging adult" at the time of the offense whose young adult brain was still developing. Defendant asserted that his mentality and level of maturity at the time of the offense made him more similar to an adolescent than a fully mature adult. He argued that research showed that the human brain is not completely mature until a person is in their mid-20s, at approximately the age of 26, and the emerging national consensus is to treat people aged 18 to 25 the same as juveniles.

¶ 12      Defendant further argued that he was raised in a highly volatile and dangerous environment during his childhood and adolescence from which he could not extricate himself, and his traumatic experiences slowed his development. He also argued that he had demonstrated moral and mental maturity and development while incarcerated which showed his high propensity for rehabilitation.

3

Defendant asked the court to vacate his sentence, appoint him counsel, and remand his case for an evidentiary hearing or a new sentencing hearing.

¶ 13    Defendant attached several exhibits to his petition including his own affidavit in which he averred that he was raised in a very poor and violent household. His father was a drug addict who severely beat him. Defendant "took to the streets" to "escape the madness at home." He stopped attending school when he was 14 years old. He was sent to a mental health program six times. When he was 17 years old, he was shot twice. Defendant stated that while in prison, he tried to develop his moral and mental character, and he expressed remorse for his actions.

¶ 14    Defendant also attached an affidavit from his mentor, inmate Marvin Bryant, who averred that defendant was an ambitious, motivated, and trustworthy person. Bryant stated that defendant demonstrated remorse and asked the court to recognize his growth and spiritual maturity.

¶ 15    In addition, defendant attached his sentencing order, his prison disciplinary record showing one incident shortly after his incarceration, a prison memo regarding population priorities, and two articles discussing why it is justifiable to treat individuals aged 18 to 25 as juveniles under the law.

¶ 16    On May 6, 2021, the circuit court found defendant's allegation frivolous and patently without merit and summarily dismissed his postconviction petition. In its written order, the court noted that defendant was entitled to day-for-day credit towards his 20-year sentence and, therefore, if he behaved in prison, his actual time served would likely be less than 10 years.

¶ 17    Defendant filed a timely *pro se* notice of appeal. The circuit court appointed OSAD to represent defendant on appeal.

¶ 18                                    ANALYSIS

¶ 19    This appeal is from the circuit court's summary dismissal of defendant's *pro se* petition for postconviction relief filed under the Act. Appellate review is *de novo*. *People v. Knapp*, 2020 IL

4

124992, ¶ 39. On *de novo* review, this court applies the same analysis that the circuit court would perform. *People v. Tyler*, 2015 IL App (1st) 123470, ¶ 151.

¶ 20 As mentioned, defendant's appointed appellate attorney, OSAD, has filed a *Finley* motion to withdraw as counsel. In its memorandum in support of its motion, OSAD considers whether defendant's petition states the gist of a constitutional claim that his 20-year sentence violates the proportionate penalties clause of the Illinois Constitution because the trial court failed to give adequate consideration to his youth and attendant circumstances. OSAD also considers whether the circuit court properly ruled on defendant's petition within 90 days. OSAD has concluded that these issues lack arguable merit. This court agrees.

¶ 21 The Act provides a method by which any person imprisoned in the penitentiary may assert that his conviction resulted from a substantial violation of his federal or state constitutional rights. 725 ILCS 5/122-1(a)(1) (West 2020); *People v. Smith*, 2015 IL 116572, ¶ 9. A proceeding under the Act is a collateral proceeding, not an appeal from the judgment of conviction. *People v. English*, 2013 IL 112890, ¶ 21. A proceeding is initiated when a defendant files a verified petition in the circuit court. 725 ILCS 5/122-1(b) (West 2020). The petition must set forth the respects in which the defendant's constitutional rights were violated. *Id.* § 122-2. The petition shall have attached thereto "affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." *Id.* All well-pleaded allegations stated in the petition are taken as true unless they are positively rebutted by the record. *People v. Robinson*, 2020 IL 123849, ¶ 45.

¶ 22 Petitions filed under the Act are reviewed in three stages. *Smith*, 2015 IL 116572, ¶ 9. At the first stage, the circuit court has 90 days to review the petition. 725 ILCS 5/122-2.1(a) (West 2020). If the court finds the petition frivolous or patently without merit, it must dismiss the petition. *Id.* § 122-2.1(a)(2). A petition is frivolous or patently without merit when it "has no arguable basis

5

either in law or in fact." *People v. Hodges*, 234 Ill. 2d 1, 16 (2009). A petition has no arguable basis in law or fact if it relies on "an indisputably meritless legal theory or a fanciful factual allegation." *Id.* "An example of an indisputably meritless legal theory is one which is completely contradicted by the record." *Id.* "Fanciful factual allegations include those which are fantastic or delusional." *Id.* at 17. If the court does not dismiss the petition within the 90-day period, it must docket the petition for further consideration. 725 ILCS 5/122-2.1(b) (West 2020). Here, the record shows defendant filed his petition on April 9, 2021, and the circuit court summarily dismissed it on May 6, 2021, well within the 90-day period required by the Act.

¶ 23    In his *pro se* postconviction petition and attached affidavit, defendant alleged that his 20-year sentence was unconstitutional because it violated the proportionate penalties clause of the Illinois Constitution as applied to him where the trial court failed to give adequate consideration to "his youth and its attendant characteristics." Defendant referenced factors, including his age and his family and home environment, that, under *Miller v. Alabama*, 567 U.S. 460, 477-80 (2012), a court must consider before it sentences a juvenile to either a *de facto* or natural life sentence. See *People v. Holman*, 2017 IL 120655, ¶ 46 (holding that a juvenile may be sentenced to life imprisonment, but only after the trial court considers his youth and its attendant characteristics). However, here, defendant was not a juvenile at the time of the offense, he was 19 years old. Because *Miller* does not apply directly to his circumstances, defendant has raised an as-applied challenge claiming that the protections in *Miller* should apply here due to his particular circumstances, specifically, his youth and personal history. See *People v. Harris*, 2018 IL 121932, ¶¶ 45-48.

¶ 24    We find that defendant's allegation fails to state the gist of a constitutional claim because he was sentenced to a term of only 20 years' imprisonment to be served at 50%. As noted by the

6

circuit court in its written order, if defendant behaves in prison, his actual time served will likely be less than 10 years. See 730 ILCS 5/3-6-3(a)(2.1) (West 2020) (except for enumerated offenses, a prisoner "shall receive one day of sentence credit for each day of his or her sentence of imprisonment").

¶ 25    Our supreme court found that "a prison sentence of 40 years or less imposed on a juvenile offender provides some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." (Internal quotation marks omitted.) *People v. Buffer*, 2019 IL 122327, ¶ 41. Consequently, the court concluded that "a prison sentence of 40 years or less imposed on a juvenile offender does not constitute a *de facto* life sentence." *Id.* Defendant's 20-year sentence served at 50% is not a *de facto* life sentence. Thus, his claim is without merit. Defendant's sentence clearly allows him the opportunity to demonstrate his maturity and potential for rehabilitation.

¶ 26                                        CONCLUSION

¶ 27    Defendant failed to state the gist of a constitutional claim in his *pro se* postconviction petition, and the circuit court summarily dismissed the petition in compliance with the procedures stated in the Act. Accordingly, OSAD's *Finley* motion for leave to withdraw as counsel is granted and the circuit court's summary dismissal of defendant's postconviction petition is affirmed.

¶ 28    Motion granted; judgment affirmed.